IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


KENNETH WAYNE WALLER                                                                      PLAINTIFF

           v.                          Civil No. 1:15-cv-01010

NURSE SHERI RICE;
CAPTAIN MITCHELL; and
SHERIFF MIKE MCGOUGH
                                                                                        DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kenneth Waller filed this case *pro se* pursuant to 42 U.S.C. § 1983 on February 13, 2015. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1.     **BACKGROUND**

At the time Plaintiff filed his Complaint he was an inmate in the Union County Detention Center ("UCDC"). Plaintiff is not currently incarcerated. In his Complaint, Plaintiff names Detective Angela Means and Detective Cathy Phillips from the El Dorado Police Department and Nurse Sheri Rice, Captain Mitchell, and Sheriff Mike McGough from the Union County Sheriff's

Office. Plaintiff alleges Defendants Means, Rice, and Phillips slandered his name. Plaintiff alleges Defendant Phillips made false charges against him. Further, Plaintiff alleges Defendant Rice verbally harassed him and denied him medical care. Additionally, Plaintiff alleges Defendants Mitchell and McGough violated the Freedom of Information Act when they denied Plaintiff's information requests. Finally, Plaintiff alleges his constitutional rights were violated by the conditions of his confinement. ECF No. 1, p. 4.

2.   **APPLICABLE LAW**

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

3.   **DISCUSSION**

   a.   Slander

Plaintiff claims Defendants Means, Rice, and Phillips slandered his name. Slander is not a cognizable claim under section 1983. *See Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983). "[A] defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellinburg v. Lucas,* 518 F.2d 1196, 1997 (8th Cir. 1975) (citations omitted). Accordingly, Plaintiff has failed to state a cognizable claim of

slander, under section 1983, against any Defendant.

      b.      <u>False Charges and Illegal Incarceration</u>

Plaintiff claims he was falsely charged and illegally incarcerated. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87. Plaintiff specifically seeks compensation for each day he was incarcerated, but he did not make any allegations that his conviction has been overturned. A section 1983 claim that would necessarily imply the invalidity of his confinement is premature if the confinement is not first called into question by the appropriate state or federal remedy. *Id.*; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (the plaintiff's section 1983 claim for denial of parole was dismissed because the plaintiff did not first challenge his continued confinement through the appropriate state or federal remedies). Thus, Plaintiff's claims are not cognizable claims under section 1983.

Moreover, Plaintiff requests the Court declare his incarceration was illegal. Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for

prisoners attacking the validity of their conviction or confinement).

      c.      <u>Freedom of Information Act</u>

Plaintiff claims that Defendants Mitchell and McGough violated the Freedom of Information Act ("FOIA") when they denied Plaintiff the "information" he requested while incarcerated in the UCDC. ECF No. 1, p. 5. There is no generalized constitutional right to disclosure of government records. *Houchins v. KOED, Inc.*, 438 U.S. 1, 15 (1978) ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control."). Moreover, an alleged violation of state law generally does not state a claim of constitutional dimension. *Missouri ex rel. Gore v. Whochner*, 620 F.2d 183, 185 (8th Cir. 1980). In general, a claim that state officials wrongfully denied requests for documents under a state's statutes is not cognizable under § 1983. *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1105 (8th Cir. 1992) (even a "bad faith violation of state law remains only a violation of state law"). Accordingly, Plaintiff has failed to state a cognizable claim regarding the FOIA, under section 1983, against any Defendant.

      d.      <u>Verbal Harassment</u>

Plaintiff claims Defendant Rice verbally harassed him by calling him a "meth head" and cursing Plaintiff. ECF No. 1, pp. 4-5. Taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin v. Sargent*, 780 F.2d 1334, 1338-1339 (8th Cir. 1985) (being called an obscene name and threatened with adverse

consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else,* 767 F.2d 516, 517 (8th Cir. 1985) (use of racially offensive language in dealing with a prisoner does not, by itself, state a claim).

### 4. CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's claims of slander, claims of false charges, claims regarding the Freedom of Information Act, and claims of harassment all be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). Further, as no claims remain against Defendants Means and Phillips, I recommend Angela Means and Cathy Phillips be dismissed from this action. This leaves Plaintiff's individual capacity claims against Defendants Rice, Mitchell, and McGough regarding denial of medical care, and conditions of confinement for further consideration. The issue of service will be addressed by separate order.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **23rd day of April 2015.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE

5